148 F.3d 181
 Peyman JAZINI, a minor, by his parents, Ali Jazini and Mina
Mahmoudieh; Ali Jazini, individually; Mina
Mahmoudieh, individually, Plaintiffs-Appellants,
v.
NISSAN MOTOR COMPANY, LTD., Defendant-Appellee.
 No. 686, Docket 97-7611.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 19, 1997.
Decided June 29, 1998.
 
 Robert Ian Goodman, New York City, (Tomas L. Ryan, Ryan and Ryan, New York City, on the briefs) for Plaintiffs-Appellants.
 Joel A. Dewey, Baltimore, MD (Loren H. Brown, Piper & Marbury, New York City, on the brief) for Defendant-Appellee.
 Before: KEARSE, LEVAL and FRIEDMAN*, Circuit Judges.
 FRIEDMAN, Circuit Judge:
 
 
 1
 This appeal challenges the decision of the district court dismissing a product liability suit against a Japanese automobile manufacturer because the court lacked personal jurisdiction over the defendant. We affirm.
 
 I.
 
 2
 The appellants, a married couple and their minor son (collectively the Jazinis), all residents of New York state, brought this damage suit in the United States District Court for the Southern District of New York against Nissan Motor Co., Ltd. (Nissan Japan), a Japanese Corporation. The amended complaint alleged that they were injured when a Nissan Patrol automobile, which one of the Jazinis was driving in Iran, lost its rear wheel assembly and crashed; that the accident was caused by a defective part of the assembly, which broke while the automobile was running; and that Nissan Japan was careless and negligent in the design, manufacture and testing of the part. (The Jazinis conceded that the vehicle involved in the accident was manufactured in Japan and that Patrol automobiles were not marketed or distributed in the United States.)
 
 
 3
 The subject matter jurisdiction of the district court rested on the diversity provision, 28 U.S.C. § 1332(a) (1994). The principal allegations in the amended complaint relating to personal jurisdiction were as follows:
 
 
 4
 1. Nissan Japan "maintains a presence" in New York state "through the actions and presence of its wholly-owned subsidiary, Nissan Motor Corporation in U.S.A." (Nissan U.S.A.), and two wholly-owned subsidiaries of the latter corporation. (Par. 3).
 
 
 5
 2. Nissan U.S.A. is "wholly controlled" by Nissan Japan and "is wholly dependent on its parent, among other things, for its business plan and financing." (Par. 6).
 
 
 6
 3. Nissan U.S.A. "is able to act as would its parent, were [Nissan Japan] directly present in the State of New York." (Par. 6).
 
 
 7
 In the proceedings before the district court, the Jazinis further alleged that according to Nissan Japan's annual report, one of that company's four executive directors is the chairman of the board of Nissan U.S.A. and that the report "refers to how [Nissan Japan] directs the manufacturing operations of the American subsidiary."
 
 
 8
 On Nissan Japan's motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and before discovery, the district court dismissed the complaint for lack of jurisdiction over that company. After summarizing the foregoing jurisdictional allegations, the court, applying New York law, which it categorized as "well established," ruled that the Jazinis had failed to show "the degree of domination which the parent must exert over the domestic subsidiary before the parent will be subject to personal jurisdiction solely because of the presence of the subsidiary." The court concluded:
 
 
 9
 Indeed, if allegations as sparse as those advanced by plaintiffs would be enough to subject the foreign parent to "extensive discovery" in the United States, the scope of jurisdiction of courts sitting in New York over multi-national corporations would be vastly increased contrary to established law and to the understanding of the commercial community.
 
 II.
 
 10
 In diversity cases the federal courts generally apply state law in deciding substantive questions and federal law in deciding procedural ones. See Hanna v. Plumer, 380 U.S. 460, 465, 471, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). "[T]he amenability of a foreign corporation to suit in a federal court in a diversity action [, however,] is determined in accordance with the law of the state where the court sits, with 'federal law' entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee." Arrowsmith v. United Press Int'l, 320 F.2d 219, 223 (2d Cir.1963) (in banc) (footnote omitted). The rationale for that ruling was that "neither the federal legislature nor the federal rule-makers have had any intention to displace state statutes as to the taking of jurisdiction over foreign corporations in ordinary diversity cases." Id. at 227. Accordingly, we look to New York law to ascertain the standard for determining whether the district court in this case had jurisdiction over the Japanese corporation, Nissan Japan.
 
 
 11
 As the district court indicated, the requirements the New York courts apply in determining whether they have jurisdiction over a foreign corporation on the basis of the intrastate activities of that corporation's subsidiaries are "well established." The issue in the present case, however, is not whether the Jazinis had satisfied those standards, but the preliminary question whether what they have shown is sufficient to entitle them to discovery on those questions.
 
 
 12
 Our cases show that "[p]rior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, see Fed.R.Civ.P. 11, legally sufficient allegations of jurisdiction," i.e., by making a "prima facie showing" of jurisdiction. Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir.), cert. denied, 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990); Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir.1985); Fed.R.Civ.P. 12(b)(2). We conclude, as apparently the district court did, that the Jazinis did not make a prima facie showing that the district court had jurisdiction over Nissan Japan. New York courts may exercise personal jurisdiction over a foreign corporation that is "engaged in such a continuous and systematic course of 'doing business' in New York as to warrant a finding of its 'presence' in [the state]," Delagi v. Volkswagenwerk A.G. of Wolfsburg, Germany, 29 N.Y.2d 426, 430-31, 328 N.Y.S.2d 653, 278 N.E.2d 895 (1972) (applying N.Y. C.P.L.R. § 301), even if the cause of action is unrelated to the defendant's New York activities. See Taca Int'l Airlines, S.A. v. Rolls-Royce of England, Ltd., 15 N.Y.2d 97, 102, 256 N.Y.S.2d 129, 204 N.E.2d 329 (1965) (New York courts had personal jurisdiction over a foreign corporation even though the cause of action arose from an accident in Nicaragua).
 
 
 13
 Where, as here, the claim is that the foreign corporation is present in New York state because of the activities there of its subsidiary, the presence of the subsidiary alone does not establish the parent's presence in the state. See Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp., 751 F.2d 117, 120 (2d Cir.1984). For New York courts to have personal jurisdiction in that situation, the subsidiary must be either an "agent" or a "mere department" of the foreign parent. See Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir.1996).
 
 
 14
 To establish that a subsidiary is an agent of the parent, the plaintiff must show that the subsidiary "does all the business which [the parent corporation] could do were it here by its own officials." Frummer v. Hilton Hotels Int'l, Inc., 19 N.Y.2d 533, 537, 281 N.Y.S.2d 41, 227 N.E.2d 851, remittitur amended, 20 N.Y.2d 737, 283 N.Y.S.2d 99, 229 N.E.2d 696, and cert. denied, 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1967). The Jazinis alleged only that Nissan U.S.A. "is able to act as would its parent, were [Nissan Japan] directly present in the State of New York." This conclusory statement is but a restatement, with slight changes, of the legal standard for determining agency enunciated in Frummer. It states no facts supporting that conclusion and does not constitute a prima facie showing of agency. Moreover, a foreign car manufacturer is not "present" in New York simply because it sells cars through a New York distributor. See Delagi, 29 N.Y.2d at 433, 328 N.Y.S.2d 653, 278 N.E.2d 895. The Jazinis have thus failed to make any showing that Nissan U.S.A. is the defendant's agent within the meaning of the relevant case law.
 
 
 15
 In determining whether the subsidiary is a "mere department" of the parent--the other New York jurisdictional basis--the court must consider four factors, which in Beech Aircraft we summarized as follows: first, "common ownership"--which is "essential"--; second, "financial dependency of the subsidiary on the parent corporation;" third, "the degree to which the parent corporation interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities;" and fourth, "the degree of control over the marketing and operational policies of the subsidiary exercised by the parent." 751 F.2d at 120, 121, 122.
 
 
 16
 The Jazinis' allegations that Nissan U.S.A. is a "mere department" of Nissan Japan lack the factual specificity necessary to confer jurisdiction. The conclusory statements--without any supporting facts--that Nissan U.S.A. is "wholly controlled" by Nissan Japan and "wholly dependent" on Nissan Japan "for its business plan and financing," are but a restatement of two of the factors to be considered under the standards set forth in Beech Aircraft: "financial dependency of the subsidiary on the parent corporation" and the parent's control of the subsidiary's "marketing and operational policies." 751 F.2d at 120, 122. As the Supreme Court has pointed out, in a different context but in language equally applicable here, "we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).
 
 
 17
 The Jazinis also refer to material they submitted to the district court in opposition to the motion to dismiss. Assuming without deciding that the district court properly considered this material without converting the motion to dismiss into one for summary judgment, see Fed.R.Civ.P. 12(b), the Jazinis' additional material, even considered in conjunction with the allegations previously discussed, did not establish a prima facie case that Nissan U.S.A. is a "mere department" of Nissan Japan.
 
 
 18
 The Jazinis asserted that one of Nissan Japan's four "managing executive directors" is the chairman of Nissan U.S.A.. That fact does not establish that the American subsidiary is a "mere department" of the Japanese parent. See Porter v. LSB Indus., 192 A.D.2d 205, 600 N.Y.S.2d 867, 873 (N.Y.App.Div.1993) (subsidiary not shown to be "mere department" of parent even though "the directors and officers of the two entities overlap to an extent").
 
 
 19
 The Jazinis refer to excerpts from Nissan Japan's annual report which they say show Nissan Japan's "pervasive control and domination of its New York subsidiaries." They cite statements by Nissan Japan's president that the company "need[s] to become a truly global company" and that "I want each part of our global operations, and this includes Japan, to focus on contributing to the company as a whole." None of this material, and especially not a request for world-wide cooperation, shows the pervasive control over the subsidiary that the "mere department" standard requires.
 
 
 20
 Finally, the Jazinis refer to the "cultural attributes" of Japanese multinational corporations, including their "peculiarly centralized character," as indicating that Nissan Japan "exercises pervasive control and domination over its New York based subsidiaries." The Jazinis did not present this speculative and conjectural contention to the district court, the district court did not discuss the argument, and we decline to consider its belated assertion here, particularly given that the contention raises factual, rather than purely legal, issues. See Greene v. United States, 13 F.3d 577, 586 (2d Cir.1994)("Entertaining issues raised for the first time on appeal is discretionary with the panel hearing the appeal."); and see Coogan v. Smyers, 134 F.3d 479, 487 (2d Cir.1998).
 
 
 21
 If the Jazinis' allegations were sufficient to establish a prima facie case of jurisdiction over Nissan Japan, and thus subject the latter to discovery--which the Jazinis stated at the district court hearing would be "[r]ather extensive"--it would not be difficult for a plaintiff suing a multinational foreign corporation in the federal courts in New York, to make similar conclusory non-fact-specific jurisdictional allegations and thus obtain extensive discovery on that issue. This would require the federal courts to conduct substantial jurisdictional discovery over foreign corporations--a practice in which they have not hitherto engaged. We decline to require that step.
 
 
 22
 Since the Jazinis did not establish a prima facie case that the district court had jurisdiction over Nissan Japan, the district court did not err in denying discovery on that issue. See Lehigh Valley Indus. v. Birenbaum, 527 F.2d 87, 93-94 (2d Cir.1975) (because the allegations failed to meet the relevant standard for jurisdiction, "there was no abuse of discretion below in denying discovery").
 
 
 23
 We recognize that without discovery it may be extremely difficult for plaintiffs in the Jazinis' situation to make a prima facie showing of jurisdiction over a foreign corporation that they seek to sue in the federal courts in New York. That, however, is the consequence of the problems inherent in attempting to sue a foreign corporation that has carefully structured its business so as to separate itself from the operation of its wholly-owned subsidiaries in the United States--as it properly may do. The rules governing establishment of jurisdiction over such a foreign corporation are clear and settled, and it would be inappropriate for us to deviate from them or to create an exception to them because of the problems plaintiffs may have in meeting their somewhat strict standards.
 
 CONCLUSION
 
 24
 The judgment of the district court dismissing the complaint for lack of personal jurisdiction over the defendant is affirmed.
 
 
 
 *
 Daniel M. Friedman, of the United States Court of Appeals for the Federal Circuit, sitting by designation