TEXAS INTERNATIONAL MAGNET-
ICS, INC., formerly known as Hix Re-
cording, Crown Magnetics, Inc. and
Premier Multimedia, Inc., Plaintiffs–
Appellants,

v.

BASF AKTIENGESELLSCHAFT,
Defendant–Appellee.

Docket No. 01–7307.

United States Court of Appeals,
Second Circuit.

March 12, 2002.

Howard J. Sedran, Levin, Fishbein, Sed-
ran & Berman, (TeriAnne Benedetto, Lev-
in, Fishbein, Sedran & Berman; Richard
J. Kilsheimer, Kaplan, Kilsheimer & Fox
LLP, of counsel), Philadelphia, PA, for
Appellant.

John S. Siffert, Lankler Siffert & Wohl
LLP, New York, NY, for Appellee.

Present LEVAL, CALABRESI, Circuit
Judges, and DEARIE, District Judge.*

SUMMARY ORDER

ON CONSIDERATION WHEREOF,
IT IS HEREBY ORDERED, AD-
JUDGED AND DECREED that the judg-
ment of the district court be and it hereby
is VACATED and the matter REMAND-
ED.

Plaintiffs Texas International Magnetics,
Inc., Crown Magnetics, Inc., and Premier
Multimedia, Inc. appeal from an order en-
tered in the District Court for the South-
ern District of New York on February 20,
2001, dismissing their antitrust suit against
BASF Aktiengesellschaft for lack of per-
sonal jurisdiction, and impliedly finding

* The Honorable Raymond J. Dearie of the Unit-
ed States District Court for the Eastern Dis-
trict of New York, sitting by designation.

that plaintiffs were not entitled to jurisdictional discovery.

In their class action complaint, plaintiffs alleged that BASF, a German corporation, violated Section 1 of the Sherman Act, 15 U.S.C. § 1, by participating in a conspiracy to fix the price of magnetic audiotape in the United States at some point between 1991 and 1999. The theory of the complaint is that the violations were committed by BMG, at the time a subsidiary of BASF, and that BASF became liable because BMG, after transferring its operating asserts to its subsidiary and changing its name to BMG Holding, merged into BASF. BASF moved to dismiss the case for lack of personal jurisdiction. In the alternative BASF claimed it was entitled to summary judgment on the grounds that it was not liable, as a matter of law, for the alleged antitrust violations of BMG.

Plaintiffs maintained that the court could properly exercise personal jurisdiction over BASF on several theories: first, because BASF itself has sufficient minimum contacts with the United States; second, because BASF is sufficiently integrated with its wholly-owned American subsidiaries to confer jurisdiction over the German parent; third, because BMG had sufficient jurisdictional contacts to justify the exercise of jurisdiction over it, and BMG (its name having been changed to BMG Holding) was merged into its parent BASF. Plaintiffs also argued that they were entitled to jurisdictional discovery.

Concluding that it could not exercise either general or specific personal jurisdiction over BASF on any of the theories on which plaintiffs relied, the district court granted BASF's motion to dismiss. In so ruling, the court made no mention of plaintiffs' demand for jurisdictional discovery.

Although plaintiffs did not show that BASF is subject to the court's jurisdiction, we believe they were entitled to jurisdictional discovery in order to develop the factual record requisite for such a showing.

BASF asks us to find, as we did in *Jazini v. Nissan Motor Co., Ltd.,* 148 F.3d 181, 185–86 (2d Cir.1998), that jurisdictional discovery over a foreign corporation is inappropriate unless a *prima facie* case of jurisdiction has been made out. But *Jazini* is readily distinguishable from the instant case. In *Jazini,* plaintiffs sued a Japanese automobile corporation in New York alleging carelessness and negligence in the design, manufacture, and testing of an automobile part, based on injuries they sustained in a car accident in Iran. *Id.* at 183. The district court referred to the plaintiffs' allegations as "sparse." *Id.* at 183. We spoke of plaintiffs' "conclusory non-fact-specific jurisdictional allegations." *Id.* at 185. In the instant case, plaintiffs' jurisdictional allegations are neither sparse nor insufficiently specific; they are simply insufficiently developed at this time to permit judgment as to whether personal jurisdiction is appropriate.

In addition, we believe the district court erred in rejecting as a matter of law plaintiffs' theory that the court could exercise personal jurisdiction over BASF because BMG had sufficient contacts and merged into BASF. The district court rejected that argument on the ground that the "precepts of successor liability should be disregarded in an assessment of personal jurisdiction." While questions of personal jurisdiction and liability are conceptually distinct, we see no reason why the analysis of attribution of jurisdictional contacts in the merger context would not draw upon facts and circumstances that would also be relevant to the question of successor liability. To the extent that BASF's asserted liability is predicated on acts of BMG, in circumstances where BMG would have been subject to the court's jurisdiction, it may well be the case that BASF, after its merger

with BMG (notwithstanding the latter's divestiture of its operating assets and change of name), should also be subject to the court's jurisdiction to answer for those acts. Depending on what facts are developed in jurisdictional discovery, assertion of jurisdiction over BASF on this basis might be appropriate. We believe the rejection of the successor theory was premature.