**CES INDUSTRIES, INC., Plaintiff,**

v.

**MINNESOTA TRANSITION CHARTER SCHOOL, Defendant.**

**No. 03 CV 119(ADS)(ETB).**

United States District Court, E.D. New York.

Oct. 23, 2003.

Zornberg & Hirsch, Esqs. by Barry S. Zornberg, Esq., Lake Ronkonkoma, NY, for Plaintiff.

Shaw Licitra Bohner Esernio Schwartz & Pfluger, P.C. by Douglas T. Burns, Esq., Garden City, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Plaintiff CES Industries, Inc. ("CES Industries" or the "plaintiff") moves for reargument of this Court's April 25, 2003 Memorandum of Decision and Order ("Order") dismissing this case for lack of personal jurisdiction.

## I. BACKGROUND

### A. Factual Background

To decide the present motion, the Court reiterates the facts set forth in the Order. The plaintiff is a New York corporation which sells educational computer systems and software. On or about May 1, 2001, Minneapolis Technical Training Academy ("Academy"), a Minnesota corporation, requested a demonstration of the plaintiff's merchandise. On or about July 6, 2001, after a demonstration, the Academy placed an order from the plaintiff for merchandise at the agreed upon price of $176,430. The plaintiff asserts that the merchandise was shipped to Minnesota with the express understanding that CES Industries would be the sole owner of the property until payment was received. The plaintiff claims that, on or about August 3, 2001, the Academy received the merchandise, and on or about September 2, 2001, it informed CES Industries that payment was being sent. No payment was ever received.

Between January 1, 2002 and March 30, 2002, the Academy ceased to operate. At or about the same time, the defendant Minnesota Transition Charter School ("MTCS" or the "defendant") was formed. According to the plaintiff, the employees, officers, directors and persons operating the business of the defendant are largely the same individuals who were employed by and operated the Academy. In addition, the plaintiff states that the defendant operates its business from the same location as the Academy, with the same facilities, equipment and student body.

The plaintiff claims that the Academy fraudulently conveyed the merchandise to MTCS for a sum of $5,000. The plaintiff also claims that the defendant knew that CES Industries was the actual owner, asserting that the defendant was aware that it was "engaging in an actual fraudulent

transfer of assets from a defunct corporation for the specific purpose of defrauding, hindering, and delaying the plaintiff in the collection of the debt or the merchandise" from the Academy. Furthermore, the plaintiff contends that the defendant is "an alter ego of the [Academy], set up as a front in order to deprive creditors of a fair and reasonable recovery of assets from the defendant and the [Academy]."

## B. Procedural Background

On or about September 20, 2002, the plaintiff commenced this lawsuit against MTCS in the Supreme Court, Suffolk County. On January 9, 2003, the defendant filed a notice of removal to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.

On January 22, 2003, the defendant moved to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."). The plaintiff failed to oppose the defendant's motion to dismiss. After reviewing the complaint and the defendant's papers, on April 25, 2003, the Court held it lacked personal jurisdiction. Thus, the Court dismissed the complaint and directed the Clerk of the Court to close this case.

On April 29, 2003, the Order and Judgment dismissing the complaint were docketed. On April 13, 2003, the plaintiff filed a motion for reargument. In support of its motion, the plaintiff has filed (1) an affirmation from its attorney explaining why the plaintiff did not respond to the motion to dismiss; (2) an affidavit from the secretary of the plaintiff's attorney claiming responsibility for the plaintiff's failure to file opposition papers; and (3) three affidavits from individuals at CES Industries claiming that the defendant is really the alter ego of the Academy. The defendant opposes the instant motion on the following grounds: (1) the motion for reargument is untimely; and (2) the plaintiff has failed to file a memorandum of law setting forth the matters or controlling decisions the Court has overlooked.

## II. DISCUSSION

### A. Motion for Reargument

The standards for a motion for reargument are governed by Local Rule 6.3 and Fed.R.Civ.P. 59(e). *See Hertzner v. Henderson*, 292 F.3d 302, 303 (2d Cir. 2002); *Yurman Design Inc. v. Shieler Trading Corp.*, No. 99 Civ. 9307, 2003 WL 22047849, at *1 (S.D.N.Y. Aug. 28, 2003). The standards set forth in Local Rule 6.3 are identical to those in Fed.R.Civ.P. 59(e). *See Alexander v. The Turner Corp.*, No. 00 Civ. 4677, 2001 WL 1098010, at *1 (S.D.N.Y. Sept. 10, 2001).

A motion for reargument may be granted where a court overlooked "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F.Supp.2d 390, 392 (S.D.N.Y.2000) (internal quotation marks and citation omitted); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Reargument may also be granted to "correct a clear error or prevent manifest injustice." *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.1983). The motion for reargument must be served within ten days after the docketing of the court's determination of the original motion. *See* Local Rule 6.3.

To preserve scarce judicial resources and to avoid piecemeal litigation, a motion for reargument is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v.*

*Access Temps., Inc.,* No. 99 Civ. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001); *see also In re Houbigant, Inc.,* 914 F.Supp. 997, 1001 (S.D.N.Y.1996) (A Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved"). In addition, "a party in its motion for reargument may not advance new facts, issues or arguments not previously presented to the court." *O'Brien v. Bd. of Educ. of Deer Park Union Free Sch. Dist.,* 127 F.Supp.2d 342, 345 (E.D.N.Y.2001).

In support of its motion for reargument, the plaintiff has filed an affirmation from its attorney and an affidavit from the secretary of the plaintiff's attorney, explaining that the plaintiff failed to file opposition papers to the motion to dismiss due to an office error. The plaintiff states that only upon receipt of the Court's Order did the plaintiff become aware of the error. As such, the plaintiff requests reargument on the issue of whether this Court has personal jurisdiction over the defendant.

At the outset, the Court notes that, contrary to the defendant's assertion, the plaintiff's motion is timely. Under Local Rule 6.3, a notice of motion for reconsideration or reargument must be served within ten days after the docketing of the court's order. Local Rule 6.4 provides that "in computing any period of time prescribed or allowed by the Local Civil Rules ... the provisions of Federal Rules of Civil Procedure 6(a) and 6(e) shall apply unless otherwise stated." Under Fed.R.Civ.P. 6(a), "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." For purposes of Rule 6(a), Labor Day is considered a "legal holiday." Fed.R.Civ.P. 6(a).

Here, on April 29, 2003, the Order forming the basis of the motion for reargument was docketed. May 1, 2003 was Labor Day, and the 3rd and 4th were a Saturday and Sunday, respectively, as were the 10th and 11th. Because the time for filing under Local Rule 6.3 is "less than 11 days," none of these days count against the plaintiff in computing the timeliness of its motion for reargument. As such, the plaintiff was required to file its motion by or on May 14, 2003. On May 13, 2003, the plaintiff filed its motion for reargument. Thus, the Court finds that the plaintiff timely filed its motion for reargument and will entertain the motion.

Nevertheless, even considering the facts set forth in the affidavits filed by the plaintiff, the Court finds that the plaintiff does not raise any issues of fact or law overlooked by this Court that would alter the Court's Order. Therefore, for the reasons set forth below, the plaintiff's motion for reargument must be denied.

## B. Personal Jurisdiction

 In a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R.Civ.P. 12(b)(2), the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 208 (2d Cir.2001). Where, as here, the parties have not yet conducted discovery, the plaintiff may defeat such a motion by making a prima facie showing of jurisdiction through the complaint's allegations and affidavits. *Jazini v. Nissan Motor Co., Ltd.,* 148 F.3d 181, 184 (2d Cir.1998) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir. 1990)).

To determine whether the Court may exercise personal jurisdiction over MTCS, the Court must engage in a two-part analysis: (1) whether jurisdiction exists under

the law of the forum state, in this instance New York; and (2) whether the exercise of jurisdiction under state law satisfies federal due process requirements. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999).

### 1. Section 301

N.Y.C.P.L.R. § 301 authorizes the general exercise of personal jurisdiction over a non-resident defendant if it is "engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." *J.L.B. Equities, Inc. v. Ocwen Fin. Corp.,* 131 F.Supp.2d 544, 547–48 (S.D.N.Y.2001) (citations omitted). "Occasional or casual business in New York will not meet the requirements of Section 301." *See Fashion Fragrance & Cosmetics v. Croddick,* No. 02 Civ. 6294, 2003 U.S. Dist. LEXIS 2220, at *7 (S.D.N.Y. Feb. 11, 2003). To determine whether a defendant "does business" in New York, courts have focused on the following factors: "the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 58 (2d Cir.1985).

In an affidavit, Paul Elwin Roy Greenberg states that the Academy contacted him with regard to a substantial order for equipment and supplies, as well as training and setup services. He further states that the Academy "solicited" him to come from New York to return to the school for further services. In another affidavit, Mitchell Nesenoff states that the defendant was "soliciting" CES Industries to provide technical support on the merchandise.

█ It is well-established that solicitation of business alone will not justify a finding of corporate presence in New York. *See Fashion Fragrance & Cosmetics,* 2003 U.S. Dist. LEXIS 2220, at *9. Here, the defendant did nothing more than order supplies and request services from the plaintiff. The defendant does not have a New York office, or any bank accounts, property or employees in the state. Nor does the defendant have a mailing address, telephone line, or post office box within the state. In addition, the defendant does not pay New York income or property taxes and is not licensed to do business in this state. The mere fact that the defendant placed an order with the plaintiff and requested its services does not subject it to New York jurisdiction. Because of the defendant's *de minimis* contacts with New York, the Court finds that the defendant is not "doing business" on a "permanent or continuous" basis within the state so as to justify the exercise of general jurisdiction.

### 2. Section 302

Under New York's long-arm statute, N.Y.C.P.L.R. § 302(a)(1), the Court may exercise jurisdiction over the defendant if (1) the defendant transacts business within New York, and (2) the claims against the defendant arise out of that business activity. N.Y. C.P.L.R. § 302(a)(1) (McKinney's 2001). A non-domiciliary "transacts business" within the state when he "purposely avails [himself] of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws." *CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986) (internal quotations omitted).

█ In this case, the complaint and the affidavits fail to state that the agreement between the parties was negotiated or executed in New York or that the defendant came to New York to discuss the supplies or services requested. The plaintiff asserts only that the defendant contacted the plaintiff to order supplies and to request

the plaintiff's services. However, the plaintiff fails to specify how the defendant contacted the plaintiff. Indeed, the plaintiff provides no facts showing the sort of purposeful activity invoking the benefits and protections of this state contemplated by Section 302(a)(1). Thus, the Court finds that the plaintiff has failed to demonstrate the existence of personal jurisdiction under N.Y.C.P.L.R. § 302(a)(1). Accordingly, even in light of the facts set forth in the affidavits, the Court denies the plaintiff's motion for reargument.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the plaintiff's motion for reargument is **DENIED.**

**SO ORDERED.**