**NANOVIBRONIX, INC., Plaintiff,**

v.

**Dan WEISS, Defendant.**

No. CV04–548.

United States District Court,
E.D. New York.

Sept. 2, 2004.

Malina & Wolfson, by Bernard Malina, New York City, for Plaintiff.

Darby & Darby P.C., by S. Peter Ludwig, Lee A. Goldberg, James E. Hanft, New York City, for defendant.

WEXLER, District Judge.

This is an action seeking a declaration of patent validity and non-infringement. Presently before the court is Defendant's motion, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss for lack of personal jurisdiction. For the reasons set forth below, the motion is granted and the case is dismissed.

## BACKGROUND

I. *The Parties and Background of the Litigation*

Plaintiff Nanovibronix Inc., ("Nanovibronix" or "Plaintiff") is a Delaware corpora-

tion with its principal place of business in the State of New York. Defendant Dan Weiss ("Defendant" or "Weiss") is an Israeli resident who is currently employed as a researcher and lecturer at Tel Aviv University in Tel Aviv, Israel.

In March of 2003, Weiss was named as a defendant in a lawsuit commenced in Israel. Nanovibronix, which was never a party to the Israeli action, seeks a judgment here in connection with the same patent at issue in that foreign litigation. Additionally, Plaintiff sets forth antitrust and unfair competition causes of action.

## II. *Defendant's Motion*

Defendant seeks dismissal of Plaintiff's complaint for lack of personal jurisdiction. Defendant argues that no provision of New York's Long Arm Statute supports the exercise of jurisdiction. It is further argued that the exercise of jurisdiction would offend the due process requirements of the Constitution.

## *DISCUSSION*

### I. *Legal Principles*

█ Personal jurisdiction over an out of state defendant in patent litigation may be exercised if: (1) the forum state's long arm statute permits the assertion of jurisdiction and (2) the assertion of jurisdiction does not violate due process. *PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105, 1108 (2d Cir.1997); *Purdue Pharma L.P. v. Impax Laboratories,* 2003 WL 22070549 *2 (S.D.N.Y. Sept. 4, 2003); *see, e.g., Avecmedia, Inc. v. Gottschalk,* 2004 WL 1586411 *4 (S.D.N.Y. July 14, 2004) (applying New York Long Arm Statute and federal circuit law to due process analysis in case alleging patent infringement).

█ Plaintiff bears the burden of proving the existence of personal jurisdiction. *See, e.g., Whitaker v. American*

*Telecasting Inc.,* 261 F.3d 196, 208 (2d Cir.2001); *Avecmedia,* 2004 WL 1586411 at *1. Where, as here, there has been no discovery, plaintiff need only make a *prima facie* showing of jurisdiction to defeat a motion to dismiss and all factual matters are to be resolved in the light most favorable to. the plaintiff. *Jazini v. Nissan Motor Co., Ltd.,* 148 F.3d 181, 184 (2d Cir.1998); *PDK Labs,* 103 F.3d at 1108; *Worldwide Futgol Assocs., Inc. v. Event Entertainment, Inc.,* 983 F.Supp. 173, 176 (E.D.N.Y.1997).

The section of the New York Long Arm Statute that is alleged to support jurisdiction in this matter is Section 302(a)(3) of the New York Civil Practice Law and Rules ("Section 302(a)(3)"). That section provides for the exercise of jurisdiction over a foreign defendant who commits a tortious act outside of the state which causes injury within the state. Jurisdiction lies under Section 302(a)(3), only if, in addition to causing the alleged injury, the defendant either: (1) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in New York or (2) expects or should reasonably expect the act to have consequences in the state *and* derives substantial revenue from interstate and international commerce. CPLR § 302(a)(3) (emphasis added).

### II. *Disposition of Motion*

█ Defendant's contacts with the State of New York are virtually non-existent. In addition to the facts that Weiss lives and works in Israel, he conducts no business in the State of New York. He has sold neither products nor services, attended trade shows, advertised or otherwise solicited business in New York. Weiss has neither assets, property, bank accounts, employees, offices, phones, facsimile listings,

nor a mailing address in the State of New York. Additionally, he did not consent to be a party to a lawsuit in New York and has no agent for service of process within the state. Indeed, the full extent of Weiss' physical contact with the State of New York consists only of passing through a New York airport while in transit between Israel and California.

Plaintiff makes no attempt to dispute these facts. Instead, Plaintiff attempts to support the exercise of personal jurisdiction over Weiss solely from the alleged fact that the patent at issue covers technology incorporated into medical devices that are and/or will be offered for sale in this country by Nanovibronix. It is the ownership of the patent, standing alone, that is alleged to support the exercise of jurisdiction over Weiss. There are neither allegations that Weiss maintains any businesses relationship with Nanovibronix in this country nor is there any allegation that Weiss has participated in any way in the marketing of the Nanovibronix product.

Given these bare allegations, the court has little difficulty holding that jurisdiction does not exist under the Section 302(a)(3). As noted above, that section authorizes the exercise of jurisdiction, under certain circumstances, when an out of state defendant is alleged to have committed a tortious act outside of the state that causes injury to a person or property in the State. Plaintiff argues only that Weiss' alleged unlawful acts (in violation of antitrust and unfair competition laws) constitute tortious acts that caused injury to Plaintiff. What Plaintiff has failed to allege, however, is that Weiss either: (1) regularly does business within New York or derives substantial revenue from goods used within the state or, (2) expects or should reasonably expect his acts to have consequences within New York and derives substantial revenue from interstate or international commerce. N.Y.C.P.L.R. § 302(a)(3). The absence of these allegations are fatal to the claim of long arm jurisdiction. Therefore, this Court concludes that there is no authority for the exercise of personal jurisdiction over Weiss.

Since New York's Long Arm Statute is not satisfied, the court need not address whether the exercise of personal jurisdiction would offend due process. *See, e.g., Bensusan Restaurant Corp. v. King,* 126 F.3d 25, 28 (2d Cir.1997) (where exercise of jurisdiction is proscribed by New York law, court does not address due process issue); *see also PDK Labs, Inc. v. Proactive Labs, Inc.,* 2004 WL 1607703 *1–3 (E.D.N.Y. July 15, 2004) (if exercise of jurisdiction is appropriate under state long arm statute, court then turns to consider due process issue).

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for lack of personal jurisdiction is granted. The Clerk of the Court is directed to terminate the motion and close this case.

SO ORDERED.