ORISKA INSURANCE COMPANY and U.S. Management, Inc., Plaintiffs,

v.

The POWER P.E.O., INC., et al., Defendants.

No. 5:03–CV–01481.

United States District Court, N.D. New York.

Dec. 8, 2004.

---

Kernan Professional Group, LLP, Leighton R. Burns, Elizabeth Anne Burns, James W. Hyde, IV, Oriskany, NY, Attorneys for Plaintiff Oriska Insurance Co.

Beilis & Pols, P.C., Donald J. Pols, Esq., Albany, NY, Attorneys for Plaintiff U.S. Management, Inc., New York.

Roemer, Wallens Law Firm, Matthew J. Kelly, Albany, NY, Attorney for Defendant Employers.

Fasset, Flint Law Firm, Christopher P. Flint, Albany, NY, Attorney for Defendant Power P.E.O., Inc.

Murray JS Kirshtein, Utica, NY, Attorney for TigerLines, Inc.

## MEMORANDUM–DECISION and ORDER

HURD, District Judge.

## I. INTRODUCTION

Plaintiff Oriska Insurance Company ("Oriska") issued a workers' compensation insurance policy to plaintiff U.S. Management, Inc. ("U.S. Management"), a labor contractor. A subsequent agreement between Oriska and defendant The Power P.E.O., Inc. ("Power"), added Power as an additional insured. The remaining defendants are small businesses that claim to be covered under U.S. Management's workers' compensation policy through Power. Plaintiff claims, under the Lanham Act, that Power misrepresented to its clients that it could issue and bind workers' compensation policies through its agreement with Oriska.

The small business defendants ("defendants"), move to dismiss for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2). Plaintiff opposes. Oral arguments were heard on this matter on November 12, 2004, in Utica, New York. Decision was reserved.

## II. FACTS

A brief reiteration of the underlying substantive issues may be helpful for a more complete understanding of defendants' motion to dismiss. Oriska is an insurance company that is authorized to transact workers' compensation business in New York. Its principal place of business is in Oriskany, New York. U.S. Management is a New York labor contractor based out of Brooklyn, New York. On May 1, 2002, Oriska provided U.S. Management with a workers' compensation policy. Power is incorporated in New York, Arizona, and California, and operates as a professional employer organization providing administrative services to clients. Typically, a business will enter into a contract with Power, whereby all of its employees are transferred to Power. Power then leases all of the employees back to the business for a fee, from which Power administers all payroll, taxes, and insurance, including workers' compensation, for those employees.

The moving defendants are clients of Power. They consist of ninety-six small businesses, ninety-five of which are located in California. Defendants contractually agreed to transfer all of their employees to Power in consideration for Power's promise to lease the employees back to the defendants for a fee. In addition to leasing the employees back to the defendants, Power was obligated to acquire workers' compensation insurance coverage on behalf of the defendants with regard to those leased employees. For the sole purpose of acquiring such coverage, Power formed a shell corporation, Power of New York, Inc. Through this corporation, Power was able to acquire coverage on behalf of the defendants with Oriska on June 17, 2002. Under the agreement between Power and Oriska, Power was added as an additional insured to the existing workers' compensation policy between Oriska and U.S. Management. Pursuant to the policy, Oriska was obligated to pay the workers' compensation claims of the employees of Power's clients, including the small business defendants located in California and elsewhere.

Oriska claims that Power issued additional primary certificates of insurance to various entities, without Oriska's knowledge, after Oriska had provided Power with written guidelines explaining that only Oriska was to issue primary certificates of insurance to Power and its clients. Defendants claim to be covered under U.S. Management's workers' compensation policy through Power.

On April 1, 2003, the California Department of Insurance issued a Cease and Desist Order against Oriska and Power which ordered them to refrain from marketing, selling, or collecting premiums on workers' compensation policies because Oriska was not authorized to write workers' compensation policies in California. However, Power was also notified that it remained obligated to pay all claims that existed prior to the expiration of Oriska's policy with Power, which included any claims filed under the policies issued by Power to the small business defendants. On December 23, 2003, Oriska's third party administrator informed employers and injured workers who were clients of Power and insured by Oriska that they were unable to pay the injured employees' claims because, as Power alleges, Oriska refused to fund the claims or acknowledge responsibility for them.

On January 13, 2004, Oriska and U.S. Management filed their amended complaint in the Northern District of New York under § 43 of the Lanham Act, 15 U.S.C. § 1125(a). Oriska maintains that it is not responsible for paying claims filed under the policies Power issued to the defendants since Power was not authorized by Oriska to issue such policies. Therefore, the underlying issue is whether Oriska is, or will be, responsible for any claims filed by the defendants under the policies issued by Power to the defendants. Plaintiffs now seek a declaratory judgment that Power did not have the authority to bind coverage on behalf of plaintiffs and an order requiring it to pay claims arising from certificates of insurance issued by them.

The moving defendants are comprised of various small businesses, including tire service centers, building supply stores, security system companies, and construction companies. Defendants contend that they do not engage in business in New York and do not have any assets, bank accounts, real estate, or clients in New York. Additionally, defendants do not advertise or ship products to New York and did not have any contact with plaintiff prior to the commencement of this lawsuit. The insurance procured from Oriska for the defendants was effective in California, not New York. Because of these factors, defendants move to dismiss plaintiff's claim for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2).

## III. STANDARD OF REVIEW

### A. Federal Rules of Civil Procedure 12(b)(2)

On a Fed.R.Civ.P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir.1999) (*citing Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir.1994)). A plaintiff may carry this burden "by pleading in good faith ... legally sufficient allegations of jurisdiction, i.e., by making a 'prima facie showing' of jurisdiction." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir.1998) (*quoting Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.1990)). Therefore, plaintiff may make a prima facie showing solely on the allegations. *Ball*, 902 F.2d at 197. "Where the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor[.]" *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir.2001) (*quoting A.I. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir.1993)).

## IV. DISCUSSION

It is well-established that "[t]he amenability of a foreign corporation to suit

in a federal court in a diversity action is determined in accordance with the law of the state where the court sits, with 'federal law' entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee." *Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.1996) (*citing Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir. 1963)). When considering a motion to dismiss for lack of personal jurisdiction, the court must undertake a two-part inquiry. "First, it must determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws; and second, it must access whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." *Id.* (*citing Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir.1990)). Although the first element, service of process, is not at issue here, plaintiff does maintain that defendants are subject to this court's jurisdiction pursuant to N.Y. C.P.L.R. § 302(a)(1).

### A. *N.Y. C.P.L.R. § 302(a)(1)*

In the instant case, the defendants did not deal directly with plaintiff. Instead, Power procured insurance coverage for the defendants from plaintiff in New York, and as a result, relieved defendants of any firsthand contacts with New York. Therefore, plaintiff bases its jurisdictional argument on the theory that Power was acting as an agent of the small business defendants, making its actions, which would support New York's assertion of jurisdiction, attributable to the defendants.

Under New York law, "plaintiff need not establish a formal agency relationship" to show Power's actions were attributable to the defendants as defendants' agent. *Kreutter v. McFadden Oil. Corp.*, 71 N.Y.2d 460, 527 N.Y.S.2d 195, 522 N.E.2d 40, 44 (1988). Plaintiff need only show that Power "engaged in purposeful activi-

ties in [New York] in relation to its transaction for the benefit of and with the knowledge and consent" of the defendants and that the defendants "exercised some control" over Power in the matter. *Id.*

■ By agreeing to lease employees to defendants, Power also became obligated to acquire workers' compensation coverage on behalf of the defendants with regard to those leased employees. In order to meet this obligation and to acquire such coverage, Power formed Power of New York, Inc., a shell corporation. This corporation was formed for the sole purpose of establishing Power's presence in New York, which would then allow Power to obtain coverage for the defendants from Oriska. These activities were conducted for the defendants' benefit since Power's only reason for creating a presence in New York was to obtain coverage for the defendants. The defendants also had knowledge of and consented to Power's activities as their agreement clearly obligated Power to acquire such insurance. Additionally, the defendants "exercised some control" over Power's activities because they could have easily contracted with Power to obtain insurance coverage through a number of alternatives. Therefore, Power's contacts with New York are attributable to the defendants because Power was acting as their agent.

The New York long-arm statute, C.P.L.R. § 302(a)(1), states that "a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an *agent* ... transacts any business within the state or contracts anywhere to supply goods or services in the state." (emphasis added). "Under this section, a single transaction of business is sufficient to confer jurisdiction, even if the defendant never entered New York, 'so long as the defendant's activities [in New York] were purposeful and there is a sub-

stantial relationship between the transaction and the claim asserted." ' *Motorola Credit Corp. v. Uzan,* 274 F.Supp.2d 481, 575 (S.D.N.Y.2003) *aff'd in part, vacated in part, remanded in part, Motorola Credit Corp. v. Uzan,* 388 F.3d 39 (2d Cir.2004) (affirmed on the grounds for which it is cited).

▪ ■ Defendants claim that they do not conduct business in New York, that they do not have assets, bank accounts, real estate, or clients in New York, that they do not advertise or ship products to New York, that they never had any contact with plaintiff prior to the commencement of this lawsuit, and that their insurance was effective in California, not New York. However, any contacts with New York by Power are attributable to the defendants since Power was acting as their agent. These contacts include a visit to New York by a Power employee, the formation of Power of New York, and representations that employees making claims under the Oriska Policy were New York employees. Power transacted business in New York by forming Power of New York. The only reason Power formed this shell corporation was to contract with plaintiff in order to be added to an already existing workers' compensation insurance policy Oriska issued to U.S. Management and to provide coverage for the defendants.

Furthermore, a clear relationship exists between plaintiff's claim against the defendants and their contacts (through Power) with New York. Plaintiff seeks a declaratory judgment for a determination as to the defendants status under the Oriska policy. Such a claim is congruent with the defendants' contacts with New York (through Power) because those contacts arise from their claimed status as insureds under the Oriska Policy. Without Power's contacts with New York, the defendants would never have been in a position to claim entitlement to coverage under the Oriska Policy.

Therefore, the existence of the defendants' contacts with New York and the relationship of those contacts with plaintiff's claim are sufficient to bring the defendants under this court's jurisdiction.

## B. *Due Process*

Having determined that New York's long arm statute would extend the state's jurisdiction over the defendants, we turn to whether this court's exercise of jurisdiction comports with federal due process. Two requirements must be met in order to satisfy due process. First, the defendant must have "certain minimum contacts [with the forum] . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.,* 241 F.3d 135, 152 (2d Cir.2001) (*quoting International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Second, "the assertion of personal jurisdiction [must] comport with 'traditional notions of fair play and substantial justice'—that is, . . . it [must be] reasonable under the circumstances of the particular case." *Metro. Life,* 84 F.3d at 568 (*quoting International Shoe,* 326 U.S. at 316, 66 S.Ct. 154).

### 1. *Minimum Contacts*

■ The existence of minimum contacts necessary to justify specific jurisdiction is determined by first asking if the claim arises out of or relates to defendants' contacts with the forum state, and then showing defendants purposefully availed themselves of the privilege of doing business in the forum so that they could reasonably foresee being haled into the forum's courts. *Kernan v. Kurz–Hastings, Inc.,* 175 F.3d 236, 242–43 (2d Cir.1999) (internal citations omitted).

■ "It is well established that New York's long arm requirement of doing

business is more restrictive than the requirement of minimum contacts." *Purdue Pharma L.P. v. Impax Labs., Inc.,* 2003 WL 22070549, at *4 (S.D.N.Y. Sept.4, 2003). For the reasons given above, plaintiff has satisfied the requirements of the New York long arm statute. Therefore, the defendants have sufficient minimum contacts with the state of New York to satisfy the first prong of the due process test.

### 2. *Reasonableness*

Given our conclusions that plaintiff has demonstrated that the defendants had the minimum contacts necessary to justify specific jurisdiction, we now turn to whether the assertion of jurisdiction "comports with traditional notions of fair play and substantial justice, that is, whether it is reasonable under the circumstances of this case." *Metro. Life,* 84 F.3d at 568.

This court's assertion of jurisdiction over the defendants is reasonable since plaintiff's claim merely seeks a determination of the contractual relationship between the parties, and whether Power made material misrepresentations. It is not necessary to hail the moving defendants into court in New York since the only proof they will need to offer is in the form of a certificate of insurance, the validity of which the parties may stipulate. Therefore, exercising jurisdiction over the defendants would not offend "traditional notions of fair play and substantial justice."

## V. *CONCLUSION*

Plaintiff has demonstrated that this court may exercise personal jurisdiction over the defendants. Power acted as the defendants' agent in establishing contacts with New York and such contact is attributable to the defendants. Therefore, personal jurisdiction over the defendants is conferred pursuant to New York's long arm statute, C.P.L.R. § 302(a)(1). Such jurisdiction comports with due process in

that the defendants have sufficient minimum contacts with New York and exercising jurisdiction is reasonable under the circumstances.

Accordingly, it is

ORDERED that defendants' motion to dismiss for lack of personal jurisdiction is DENIED.

IT IS SO ORDERED.