PRIME MOVER CAPITAL
PARTNERS L.P., et
al., Plaintiffs,

v.

ELIXIR GAMING TECHNOLOGIES,
INC., et al., Defendants.

No. 10 Civ. 2737(LAK).

United States District Court,
S.D. New York.

Jan. 4, 2011.

Daniel Adam Osborn, Osborn Law, P.C., New York, NY, for Plaintiff.

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, District Judge.

This is an action by several U.S. hedge funds for damages under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act")[1] and Rule 10b-5 thereunder,[2] as well as on common law theories, for damages in connection with their purchases of shares in Elixir Gaming Technologies, Inc. ("EGT"), the stock of which is traded on the American Stock Exchange. The matter is before the Court on the motion of defendants Melco International Development Limited ("Melco") and Lawrence Ho, both of Hong Kong, to dismiss the action for lack of personal jurisdiction and failure to state a claim upon which relief may be granted. As the Court concludes that it lacks per-sonal jurisdiction over these defendants, it does not now express any view as to the legal sufficiency of the allegations upon which plaintiffs predicate alleged liability.

### Facts

#### The Relevant Parties

##### Plaintiffs

Plaintiffs claim to have purchased shares of EGT on the open market "[d]uring 2006 and the early part of 2007."[3] Plaintiffs Strata Fund L.P., Strata Fund Q.P., L.P., and Strata Offshore Fund, Ltd. claim also that they obtained securities of EGT through private placements pursuant to two separate agreements—a Securities Purchase Agreement ("SPA") executed by them and EGT in October 2007 and a Warrant Purchase Agreement ("WPA") executed by them, Plaintiffs, EGT and Elixir Group Limited ("EGL") in December 2007.[4]

#### The Moving Defendants

Melco is a corporation organized under the laws of and doing business in Hong Kong.[5] It was not a party to the SPA or WPA and is alleged only to have owned EGL and thereby to have been an indirect shareholder in EGT. Melco itself is not alleged to have owned EGT stock.[6] Defendant Lawrence Ho, a citizen of Canada residing in Hong Kong, is the chairman of the board of Melco and one of its principal shareholders.[7] He served also as a director of EGL, an indirect wholly-owned subsidiary of Melco.[8] He is not alleged to

---

1. 15 U.S.C. §§ 78j(b), 78t(a).

2. 17 C.F.R. § 240.10b-5.

3. Amended complaint ("Cpt.") ¶ 40.

4. *Id.* ¶¶ 87–88, 95–99.

5. *Id.* ¶ 11.

6. *Id.* ¶¶ 2, 12.

7. *Id.* ¶ 13; Ho Decl. ¶¶ 2, 4.

8. Cpt. 12–13.

   As the SPA is effectively incorporated by reference in the amended complaint, the Court has considered its terms. A copy appears at DI 33–3.

have been an officer or director of EGT at any time.

*EGL's Contractual Relationship With EGT*

On or about June 12, 2007, EGL entered into the SPA with EGT's predecessor, VendingData Corporation.[9] Under the terms of the agreement, VendingData (now EGT) agreed to issue equity securities and warrants to EGL subject to EGL's placement on its behalf of electronic gaming machines with gaming operators in Asia. The extent of the equity interest in EGT to be acquired by EGL depended upon the number of gaming machines placed pursuant to the agreement. EGT agreed also to expand its board of directors to eight and to nominate three persons designated by EGL.

According to the amended complaint, EGL ultimately came to own 75 percent of EGT.[10]

*Plaintiffs' Claims*

Plaintiffs allege that EGT issued various press releases, made statements in conference calls and road shows, met with EGT shareholders, and made SEC filings during the period June 13, 2007 and August 13, 2008 in the course of which it and persons affiliated with it (but not Melco or Ho) made false and misleading statements concerning EGT's business and future pros-

pects.[11] They claim that the price of EGT shares therefore was inflated during that period and that they relied to their detriment on this false and misleading information.

*Discussion*

■ On a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, the plaintiffs bear the burden of showing jurisdiction. The standard applicable to plaintiffs' burden depends upon the procedural context in which the jurisdictional challenge is raised.[12] Where, as here, no discovery has taken place, the plaintiffs need make only a *prima facie* showing of jurisdiction "by pleading in good faith, *see* FED. R.CIV. P. 11, legally sufficient allegations of jurisdiction"[13]

■ Section 27 of the Exchange Act[14] allows the exercise of personal jurisdiction to the limits of the Due Process Clause of the Fifth Amendment.[15] The question whether due process permits an exercise of jurisdiction requires "an analysis consisting of two components: the 'minimum contacts' test and the 'reasonableness' inquiry."[16] The former looks to "whether the defendant has certain minimum contacts [with the forum] ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[17] The latter "asks ...

---

9. *Id.* ¶¶ 41–51.

10. *Id.* ¶ 42.

11. *Id.* ¶¶ 41, 52–55, 57–58, 60–61, 63–69, 83–85, 89–94, 101–05, 108–11, 113.

12. *Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.), *cert. denied,* 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990).

13. *Jazini v. Nissan Motor Co., Ltd.,* 148 F.3d 181, 184 (2d Cir.1998) (quoting *Ball,* 902 F.2d at 197).

14. 15 U.S.C. § 78aa.

15. *SEC v. Unifund SAL,* 910 F.2d 1028, 1033 (2d Cir.1990) (citing *Bersch v. Drexel Firestone, Inc.,* 519 F.2d 974, 998 (2d Cir.), *cert. denied,* 423 U.S. 1018, 96 S.Ct. 453, 46 L.Ed.2d 389 (1975)).

16. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 305 F.3d 120, 127 (2d Cir.2002) (citing *Metro. Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 567 (2d Cir.1996)).

17. *Id.* at 127 (quoting *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.,* 241 F.3d 135, 152 (2d Cir.2001)) (in turn quoting *Calder v. Jones,* 465 U.S. 783, 788, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)) (internal quotation marks omitted).

whether it is reasonable under the circumstances of the particular case" to assert personal jurisdiction.[18]

■ Under the minimum contacts analysis, contacts with the forum may confer two types of jurisdiction—specific and general.[19] Specific jurisdiction exists when a forum "exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." [20] A court's general jurisdiction, on the other hand, "is based on the defendant's general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts." [21]

■ In this case, plaintiffs now assert only that the Court has specific jurisdiction.[22] Their theory is that actions of Ho and Melco "had direct and foreseeable effects ... in the United States and [that] they knew or had good reason to know that their actions would have [such] effects here." [23] This assertion rests on the following premises.

Plaintiffs begin with the fact that Ho is the chairman, chief executive officer and controlling shareholder of Melco and a director of EGL. EGL in 2007 gained control of EGT in a transaction in which, among other things, Ho received options for two million EGT shares, which he later sold. Melco in turn indirectly derived substantial income from EGT as a result of the control transaction. Assuming the accuracy of the foregoing, as I do for present purposes, its significance for the issue of personal jurisdiction is entirely obscure.

It may well be that Ho gained revenue from his sale of EGT shares at some unspecified time and that Melco, by virtue of its ownership of a substantial interest in EGL, derived revenue ultimately traceable to EGT. But plaintiffs' Exchange Act claim is that they relied to their detriment on false and misleading statements by EGT in purchase of EGT shares. They claim no injury in consequence of anything allegedly done by Melco or Ho, let alone any injury "arising out of or related to [any] contacts [by them] with the" United States. Accordingly, the Court lacks personal jurisdiction over the plaintiffs' Ex-

18. *Id.* at 129 (quoting *Metro. Life Ins.,* 84 F.3d at 568) (in turn quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)) (internal quotation marks omitted).

19. *Metro. Life Ins.,* 84 F.3d at 567–68.

20. *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16 & nn. 8–9, 104 S.Ct. 1868, 80 L.Ed.2d 404(1984)).

21. *Id.* at 568 (citing *Helicopteros,* 466 U.S. at 414–16 & nn. 8–9, 104 S.Ct. 1868).

Although the distinction between specific and general jurisdiction originates from a line of cases interpreting the Due Process Clause under the Fourteenth Amendment, the Second Circuit has noted that "the due process analysis is basically the same under both the Fifth and Fourteenth Amendments," the "principal difference [being] that under the Fifth Amendment the court can consider the defendant's contacts throughout the United States, while under the Fourteenth Amendment only the contacts with the forum state may be considered." *Chew v. Dietrich,* 143 F.3d 24, 28 n. 4 (2d Cir.), *cert. denied,* 525 U.S. 948, 119 S.Ct. 373, 142 L.Ed.2d 308 (1998) (citing cases); *see also In re Magnetic Audiotape,* 334 F.3d 204, 207–08 (2d Cir.2003) (using the distinction between specific and general jurisdiction in a due process analysis under the Fifth Amendment).

22. While the complaint purported to assert general jurisdiction, plaintiffs tacitly abandoned that position in their memorandum in opposition to the motion.

23. Pl. Mem. [DI 44], at 59.

change Act claims against Melco and Ho. Moreover, the lack of personal jurisdiction over the Exchange Act claims makes it unnecessary to consider whether the doctrine of pendent personal jurisdiction otherwise would have permitted the Court to entertain the state law claims.

### Conclusion

For the foregoing reasons, the motion of defendants Melco and Ho to dismiss the complaint [DI 35] is granted on the ground that the Court lacks personal jurisdiction over them.

SO ORDERED.