*Doherty v. Bice*

# United States Court of Appeals
# For the Second Circuit

August Term 2023

Argued: March 19, 2024
Decided: May 10, 2024

No. 23-1217

JASON DOHERTY,

*Plaintiff-Appellant*,

*v.*

PATRICIA BICE, Individually and as Dean of Student Affairs for Purchase College, State University of New York, JARED STAMMER, Individually and as Conduct Officer for Purchase College, State University of New York, QUI QUI BALASCIO, Individually and as Associate Dean of Student Affairs for Purchase College, State University of New York,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Southern District of New York
No. 18-cv-10898, Nelson S. Román, *Judge*.

Before: CARNEY, SULLIVAN, and LEE, *Circuit Judges*.

Jason Doherty appeals from a judgment of the United States District Court for the Southern District of New York (Román, *J.*) dismissing his claims under the Americans with Disabilities Act (the "ADA") for declaratory and injunctive relief and emotional distress damages against several current and former administrators

of Purchase College, State University of New York (collectively, "defendants"). Doherty, a former student at Purchase College who has Asperger Syndrome, sued defendants after Purchase College issued no-contact orders against him at the request of three other students during his freshman orientation in August 2017. The district court granted judgment on the pleadings to defendants under Federal Rule of Civil Procedure 12(c), concluding that (1) it lacked subject matter jurisdiction over Doherty's claims for declaratory and injunctive relief since they were moot, and (2) Doherty failed to state a claim for damages because emotional distress damages are not available under Title II of the ADA after the Supreme Court's decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022). On appeal, Doherty challenges these conclusions and argues that, even if emotional distress damages are unavailable, the district court erred in not allowing him to assert claims for economic or nominal damages. We disagree. *First*, Doherty's claims for declaratory and injunctive relief are moot given that the no-contact orders are not disciplinary actions, are not part of his permanent record, and expired upon his graduation. *Second*, emotional distress damages are not available under Title II of the ADA, which explicitly tracks the remedies, procedures, and rights available under the Rehabilitation Act. *Finally*, Doherty has forfeited any claims for other damages. Accordingly, we **AFFIRM** the judgment of the district court.

AFFIRMED.

> E. CHRISTOPHER MURRAY (Merril S. Biscone, *on the brief*), Rivkin Radler LLP, Uniondale, NY, *for Plaintiff-Appellant*.
>
> STEPHEN J. YANNI (Barbara D. Underwood, Ester Murdukhayeva, *on the brief*), New York State Office of the Attorney General, New York, NY, *for Defendants-Appellees*.

RICHARD J. SULLIVAN, *Circuit Judge*:

Jason Doherty appeals from the August 9, 2023 judgment of the United States District Court for the Southern District of New York (Román, *J.*) dismissing his claims under the Americans with Disabilities Act (the "ADA") for declaratory and injunctive relief and emotional distress damages against several current and former administrators of Purchase College, State University of New York (collectively, "defendants"). Doherty, a former student at Purchase College who has Asperger Syndrome, sued defendants after Purchase College issued no-contact orders against him at the request of three other students during his freshman orientation in August 2017. The district court granted judgment on the pleadings to defendants under Federal Rule of Civil Procedure 12(c), concluding that (1) it lacked subject matter jurisdiction over Doherty's claims for declaratory and injunctive relief since they were moot, and (2) Doherty failed to state a claim for damages because emotional distress damages are not available under Title II of the ADA after the Supreme Court's decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022). On appeal, Doherty challenges these conclusions and argues that, even if emotional distress damages are unavailable, the district court erred in not allowing him to assert claims for economic or nominal damages. We

3

disagree. *First*, Doherty's claims for declaratory and injunctive relief are moot given that the no-contact orders are not disciplinary actions, are not part of his permanent record, and expired upon his graduation. *Second*, emotional distress damages are not available under Title II of the ADA, which explicitly tracks the remedies, procedures, and rights available under the Rehabilitation Act. *Finally*, Doherty has forfeited any claims for other damages. Accordingly, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

According to the facts alleged in the amended complaint, Doherty enrolled as a student at Purchase College, State University of New York, in August 2017. During freshman orientation, he went with some other students to a classmate's dorm room, where he encountered his classmate's roommate, whom he knew from before college and with whom he had a contentious history. Doherty left the room and then attempted to reenter it. As Doherty tried to reenter, the roommate yelled at Doherty to "get out" and closed and locked the door. App'x at 26. Shortly thereafter, while Doherty was standing in the hallway with another friend, two campus police officers approached and asked for their identification. When

4

Doherty asked what he did wrong, one of the officers yelled at him and threatened him with arrest and a restraining order if he did not leave the dorm.

Later that day, Jared Stammer, Purchase's Conduct Officer, called Doherty and informed him that three students – the classmate, the roommate, and a third individual whom Doherty did not know – had requested school-issued no-contact orders against him, which Stammer then emailed to Doherty.[1] News of the no-contact orders soon spread via an online chatroom. Doherty thereafter sought to have the no-contact orders removed and asserted that, in issuing the orders, Purchase had discriminated against him based on his disability. Notwithstanding Doherty's requests, the Dean of Student Affairs, Patricia Bice, and the Associate Dean of Student Affairs, Qui Qui Balascio, informed him that he could not challenge the no-contact orders and that Purchase would not vacate them.

In November 2018, Doherty brought suit against defendants, asserting claims pursuant to 42 U.S.C. § 1983 and the ADA. In 2019, defendants moved to dismiss Doherty's amended complaint. The district court granted the motion with respect to the section 1983 claims but allowed Doherty's ADA claim for monetary

---

[1] Each no-contact order directed Doherty and the person requesting the order to not have any contact with each other in person or by any other means, and provided that a violation of the order would result in disciplinary action.

5

relief against Stammer in his official capacity, as well as Doherty's ADA claims for monetary, declaratory, and injunctive relief against Bice and Balascio in their official capacities, to proceed.

During discovery, defendants filed a motion to dismiss the remaining claims pursuant to Rule 12(c), which the district court granted. First, the district court found that the ADA claims for declaratory and injunctive relief were moot because Doherty was no longer a student, and therefore no redress was available. The district court rejected Doherty's argument that the orders could affect his future professional and educational prospects, since the no-contact orders were not reflected on Doherty's permanent academic record, were not disciplinary actions, and were not shared with other universities or prospective employers. Second, the district court found that Doherty's claims for emotional distress damages must be dismissed because such damages are not available under Title II of the ADA. The district court reasoned that, because Title II of the ADA expressly incorporates the remedies set forth in the Rehabilitation Act, and because the Supreme Court held in *Cummings* that the Rehabilitation Act does not allow claims for emotional distress damages, such damages must be unavailable under Title II as well. The district court further concluded that Doherty's attempt to reframe his

emotional distress claims as claims for breach-of-contract damages failed because he identified no specific contract and offered no evidence of economic damages beyond his allegation that his emotional distress made it difficult for him to use Purchase's facilities. This appeal followed.

## II. STANDARDS OF REVIEW

"We review *de novo* a district court's decision to grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (internal quotation marks omitted). When a defendant moves under Rule 12(c) to dismiss a complaint for failure to state a claim, the standard for granting the motion "is identical to that for granting a Rule 12(b)(6) motion." *Id.* (internal quotation marks omitted). "Thus, we will accept all factual allegations in the complaint as true and draw all reasonable inferences in [Doherty]'s favor." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009).

"We generally review *de novo* questions of standing and mootness." *Conn. Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 444 (2d Cir. 2021). "To resolve jurisdictional issues, we may consider affidavits and other materials beyond the pleadings, but we cannot rely on conclusory or hearsay statements contained in

the affidavits." *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019); *see also Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (explaining that a court "may refer to evidence outside the pleadings" when resolving a motion to dismiss for lack of subject matter jurisdiction).

## II. DISCUSSION

Doherty argues that the district court erred in dismissing his claims for declaratory and injunctive relief as moot and his damages claims as unavailable under Title II of the ADA. He further argues that the district court erred in not allowing him to pursue claims for economic or nominal damages. We disagree.

### A. Doherty's Claims for Declaratory and Injunctive Relief Are Moot.

The district court did not err in concluding that Doherty's claims for declaratory and injunctive relief were moot in light of his graduation from Purchase. On appeal, Doherty asserts in a conclusory fashion that the no-contact orders have not been vacated or expunged from his permanent academic record, but he fails to acknowledge or dispute the declaration of a nonparty assistant dean at Purchase – made under penalty of perjury – that no-contact orders "are not reflected on students' permanent academic records at Purchase College" in the first place, App'x at 116, and "are not shared with prospective employers or as part

8

of records sent on behalf of students seeking admission to another college or university," *id.* at 117. If there were any remaining doubt as to Doherty's record at Purchase, the assistant dean dispelled it by further declaring that the no-contact orders "at issue in this litigation have expired and are no longer in effect," *id.* at 73, and "are not reflected on . . . Doherty's permanent academic record," *id.* at 116. Doherty points to no evidence contradicting or even questioning the dean's declaration.

While a declaratory judgment or injunction could have provided relief to Doherty when he was still a student at Purchase, now that he has graduated and the no-contact orders have expired, the relief Doherty seeks "could provide no legally cognizable benefits." *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994); *see also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("A case becomes moot – and therefore no longer a Case or Controversy for purposes of Article III – when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (internal quotation marks omitted)). While some claims for declaratory or injunctive relief may survive a student's graduation – perhaps, for example, claims based on an enduring disciplinary record, *see Winnick v. Manning*, 460 F.2d 545, 548 n.3 (2d Cir. 1972) – here there is no indication

of any enduring record of the no-contact orders.  The district court therefore did not err in concluding that Doherty's claims for declaratory and injunctive relief were moot.

Doherty briefly argues that his claims are not moot because Purchase's process for issuing no-contact orders is likely to repeat itself.  But the "capable of repetition, yet evading review exception" to mootness is not applicable "unless the repetition would affect the same complaining party."  *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 71 (2d Cir. 2001) (internal quotation marks omitted).  Since Doherty has graduated from Purchase and has no plans to renew his education there, he has not pleaded any facts from which we could infer that he is likely to be subject to a Purchase no-contact order again.  Moreover, Doherty is not suing in a representative capacity on behalf of similarly situated individuals.  *Cf. Cook v. Colgate Univ.*, 992 F.2d 17, 20 (2d Cir. 1993) ("We have suggested that a student's claim may not be rendered moot by graduation if he or she sued in a 'representational capacity' as the leader of a student organization.").  Accordingly, Doherty's claims for declaratory and injunctive relief are moot.

### B. Emotional Distress Damages Are Unavailable under Title II of the ADA.

The district court concluded that Doherty's claims for emotional distress damages failed as a matter of law because such damages are unavailable under Title II of the ADA after the Supreme Court's decision in *Cummings*. We agree.

In *Cummings*, the Supreme Court observed that "Congress has enacted four statutes prohibiting recipients of federal financial assistance from discriminating based on certain protected grounds": "Title VI of the Civil Rights Act of 1964," "Title IX of the Education Amendments of 1972," "the Rehabilitation Act," and "the Affordable Care Act." 596 U.S. at 217–18. While "[n]one of these statutes expressly provides victims of discrimination a private right of action to sue the funding recipient in federal court," the Supreme Court found an implied right of action as to Title VI and Title IX, which Congress acknowledged in subsequent amendments. *Id.* at 218. And both the Rehabilitation Act and the Affordable Care Act "expressly incorporate[] the rights and remedies provided under Title VI." *Id.*; *see* 29 U.S.C. § 794a(a)(2); 42 U.S.C. § 18116(a).

In defining the scope of the implied right of action found in Title VI – and incorporated by the Rehabilitation Act and the Affordable Care Act – the Supreme Court has "applied [a] contract-law analogy," under which a particular remedy is

11

"appropriate relief in a private Spending Clause action only if the funding recipient is *on notice* that, by accepting federal funding, it exposes itself to liability of that nature." *Cummings*, 596 U.S. at 219–20 (internal quotation marks omitted). As a rule, a funding recipient can be presumed to be "aware that, for breaching its Spending Clause 'contract' with the Federal Government, it will be subject to the *usual* contract remedies in private suits," which include compensatory damages and injunctive relief, but exclude, for example, punitive damages. *Id.* at 221. Applying that rule, the Supreme Court concluded that recovery for emotional distress damages was unavailable under the cause of action incorporated into the Rehabilitation Act and the Affordable Care Act because "emotional distress is generally not compensable in contract." *Id.* (internal quotation marks omitted).

The parties do not dispute that recovery for emotional distress damages is unavailable under the Rehabilitation Act after *Cummings*. Nor do the parties dispute that Title II of the ADA expressly incorporates the remedies, procedures, and rights provided in the Rehabilitation Act. Nevertheless, Doherty argues that recovery for emotional distress damages is available under Title II because the ADA, unlike the Rehabilitation Act, is not Spending Clause legislation. We are not persuaded.

12

Title II of the ADA states that "[t]he remedies, procedures, and rights set forth in section 794a of title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title." 42 U.S.C. § 12133.[2] While Doherty is correct that the ADA is not Spending Clause legislation, that distinction is of no moment since section 12133 expressly links the "remedies, procedures, and rights" provided by Title II to the "remedies, procedures, and rights" set forth in the Rehabilitation Act.

Indeed, the Supreme Court has already addressed Doherty's argument in the context of punitive damages. In *Barnes v. Gorman*, the Supreme Court held that punitive damages were not available under the Title VI implied cause of action because "punitive damages, unlike compensatory damages and injunction, are generally not available for breach of contract." 536 U.S. 181, 187 (2002). The Supreme Court went on to conclude that "[b]ecause punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act, it follows that they may not be awarded in suits brought under § 202 of the ADA

---

[2] In turn, 29 U.S.C. § 794a(a)(2) provides: "The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 . . . shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title."

13

and § 504 of the Rehabilitation Act." *Id.* at 189. In a footnote, the Supreme Court specifically rejected the contention that the "analysis of Title VI does not carry over to the ADA because the latter is not Spending Clause legislation." *Id.* at 189 n.3. To this end, the Supreme Court noted that "[t]he ADA could not be clearer" that its "remedies, procedures, and rights" are tied to those in the Rehabilitation Act, which makes "the ADA's status as a non[-]Spending Clause tort statute quite irrelevant." *Id.* (internal quotation marks omitted).

Because recovery for emotional distress damages is unavailable under the Rehabilitation Act's cause of action, we now hold that such recovery is likewise unavailable under Title II of the ADA, which explicitly borrows the "remedies, procedures, and rights" of the Rehabilitation Act. Accordingly, Doherty's claims for emotional distress damages fail as a matter of law.

### C. Doherty Has Forfeited Any Claims for Other Damages.

Finally, Doherty seeks to assert claims for economic and nominal damages. But he expressly disavowed any claims for other damages when he repeatedly stated during this now-five-years-running litigation that he was not asserting injuries or damages besides those grounded in emotional distress. For example, in response to defendants' interrogatories, Doherty stated that he "is not claiming

14

economic injuries" and that he "is not alleging any other injuries" besides emotional distress. App'x at 79. Later, in an objection to a magistrate judge's discovery order, Doherty insisted that he "claims only garden variety emotional distress." Dist. Ct. Doc. No. 58 at 2.

Doherty attempted to walk back these statements in his response to defendants' motion to dismiss, asserting that in fact he had been seeking "damages that are analogous to breach of contract damages" all along. App'x at 86. The district court rejected this argument as an unconvincing attempt to "reframe [the] emotional damages claim as a claim for contractual damages." *Doherty v. Bice*, No. 18-cv-10898 (NSR), 2023 WL 5103900, at *5 (S.D.N.Y. Aug. 9, 2023). The district court did not address nominal damages in its order, since the only reference to such damages in Doherty's opposition to the motion to dismiss was while recounting the facts of a case he cited regarding attorney fees. *See* App'x at 94. At no point did Doherty attempt to further amend his complaint to seek nominal or economic damages.

On appeal, Doherty ignores these shortcomings and blithely refers to his "other claims for damages," including his claim for "nominal damages." Doherty Br. at 17, 23. But Doherty cannot will his way into a complaint that he did not file,

and he certainly cannot amend his complaint on appeal.  Accordingly, we hold that the district court did not err in concluding that Doherty "only s[ought] monetary damages for . . . emotional distress."  *Doherty*, 2023 WL 5103900, at \*4.  The additional damages claims he asserts on appeal are forfeited.[3]

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

---

[3] Doherty argues for the first time in his reply brief that he was not required to explicitly request nominal damages in his complaint.  We decline to address this argument, since "[i]ssues raised for the first time in a reply brief are generally deemed [forfeited]."  *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 305 n.2 (2d Cir. 2020) (internal quotation marks omitted).