23-672-cv
*Billie v. Coverall North America, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> *Circuit Judges*.

---

CARIBE BILLIE, individually and on behalf of all other similarly situated individuals,

    *Plaintiff-Appellee*,

    v.                             23-672-cv

COVERALL NORTH AMERICA, INC.,

    *Defendant-Appellant*.*

---

FOR PLAINTIFF-APPELLEE:         SHANNON LISS-RIORDAN (Adelaide H. Pagano, *on the brief*), Lichten & Liss-Riordan, P.C., Boston, Massachusetts.

FOR DEFENDANT-APPELLANT:      MATTHEW J. IVERSON, Nelson Mullins Riley & Scarborough LLP, Boston, Massachusetts

---

* The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this order.

(Norman M. Leon, DLA Piper LLP (US), Chicago, Illinois, *on the brief*).

Appeal from an order of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on March 30, 2023, is **VACATED** and the case is **REMANDED** with instructions to dismiss it as moot. The district court's unsealing order is **REVERSED**.

Plaintiff-Appellee Caribe Billie and another plaintiff, on behalf of a putative class, brought this lawsuit alleging that Defendant-Appellant Coverall North America, Inc. ("Coverall") misclassified them as independent contractors and withheld portions of their wages in violation of Connecticut law.[1] In March 2020, the district court granted Coverall's motion to compel arbitration. *See Billie v. Coverall N. Am., Inc.*, 444 F. Supp. 3d 332, 355 (D. Conn. 2020). On June 7, 2022, after a final arbitration award was entered for Billie in the amount of $56,164 (the "Arbitration Award"), Billie filed a motion to confirm the Arbitration Award pursuant to the parties' arbitration agreement and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. Billie also filed a motion to unseal the Arbitration Award and the arbitrator's written decision upon which it was based (together, the "Arbitration Documents").[2] On March 30, 2023, the district court

---

[1] By stipulation, the district court dismissed the other plaintiff's claims.

[2] As the district court noted, although labeled as a "Motion to Seal," Billie's motion sought to have the district court unseal the Arbitration Documents and, thus, we refer to it as such based upon the relief it sought. *See* Joint App'x at 301–02 (explaining in the motion that Billie was filing the Arbitration Documents under seal pursuant to the arbitration agreement, but "request[ing] . . . that the Court exercise its inherent authority to unseal these arbitral awards so that the public may access them").

2

granted Billie's motions to confirm the Arbitration Award and to unseal the Arbitration Documents, and denied Coverall's cross-motion to dismiss for lack of jurisdiction. *See Billie v. Coverall N. Am., Inc.*, No. 3:19-CV-0092 (JCH), 2023 WL 2712781, at \*8 (D. Conn. Mar. 30, 2023). Coverall appeals from that order, arguing that the district court lacked jurisdiction to confirm the Arbitration Award because Coverall did not dispute the Arbitration Award, and in fact paid it in full shortly after the action was filed. Coverall alternatively contends that the district court erred in finding that the amount in controversy met the statutory threshold of $75,000. Coverall also appeals the district court's unsealing order, asserting that the Arbitration Documents should remain sealed because the district court lacked jurisdiction over the action in the first instance. Alternatively, Coverall argues that the district court erred in determining that a presumption of public access applied to the Arbitration Documents that outweighed the countervailing interest in confidentiality. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I.       Mootness

We review legal issues related to the district court's decision on Coverall's jurisdictional motion to dismiss *de novo*, and any factual findings for clear error. *Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 45 (2d Cir. 2015). "To resolve jurisdictional issues, we may consider affidavits and other materials beyond the pleadings, but we cannot rely on conclusory . . . statements contained in the affidavits." *Doherty v. Bice*, 101 F.4th 169, 172 (2d Cir. 2024) (internal quotation marks and citations omitted).

To meet the case-or-controversy requirement of the U.S. Constitution, "a party must, at

each stage of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *Janakievski v. Exec. Dir., Rochester Psych. Ctr.*, 955 F.3d 314, 319 (2d Cir. 2020). The doctrine of mootness "ensures that a litigant's interest in the outcome continues to exist throughout the life of the lawsuit." *Conn. Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 444 (2d Cir. 2021) (alteration adopted) (internal quotation marks and citation omitted). Accordingly, "[i]f, as a result of changed circumstances, a case that presented an actual redressable injury at the time it was filed ceases to involve such an injury, it ceases to fall within a federal court's Article III subject matter jurisdiction and must be dismissed for mootness." *Id.* (internal quotation marks and citation omitted).

In the context of a petition to confirm an arbitration award, the "statutory right to seek confirmation under the FAA . . . . does not itself confer standing" because the Supreme Court has clearly articulated "that 'Article III standing requires a concrete injury even in the context of a statutory violation.'" *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 69 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 1011 (2024) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)); *see also Badgerow v. Walters*, 596 U.S. 1, 8 (2022) (holding that the FAA's provisions "authoriz[ing] parties to arbitration agreements to file specified actions in federal court," including "applications to confirm, vacate, or modify arbitral awards . . . do not themselves support federal jurisdiction"). Instead, a party seeking to confirm an arbitration award must demonstrate an "issue over payment or ongoing compliance with a prospective award." *Stafford*, 78 F.4th at 68. Although a party who petitions to confirm an unsatisfied arbitration award has standing, we have recently held that once the award has been satisfied, "the petition is moot because [the party] now lacks any 'concrete interest' in confirmation." *Id.* (quoting *Knox v. SEIU*, 567 U.S. 298, 307 (2012)).

4

Here, on July 27, 2022, after Billie's motion to confirm was filed, Coverall mailed a check to Billie's counsel for the total amount of the Arbitration Award and interest, and two days later moved to dismiss the action as moot based upon its satisfaction of the Arbitration Award. Billie does not dispute that his counsel received and deposited the check. Therefore, because the Arbitration Award that Billie sought to confirm consisted solely of that monetary judgment, his argument that the case remains live is squarely foreclosed by our recent decision in *Stafford*. *See id.* In *Stafford*, which involved a monetary arbitration award in favor of the petitioner, it was "undisputed that . . . the award . . . d[id] not entitle [that petitioner] to any other relief." *Id.* As a result, the petitioner's request "to confirm her arbitration award became moot when [the defendant] fully paid the award, and her petition should have been dismissed as moot."[3] *Id.* at 69.

Billie attempts to distinguish his Arbitration Award from that in *Stafford* by asserting that his includes "not only monetary damages, but also declaratory relief, such that converting the award into an enforceable judgment has value to the plaintiff." Appellee's Br. at 10. In particular, Billie points to language in the arbitrator's ruling determining his status as an employee of Coverall, which he claims amounts to "declaratory relief" affecting his future legal status both with respect to Coverall, and "under Connecticut law" with respect to "unemployment, worker's compensation, or other benefits." *Id.* at 14. However, as Coverall correctly notes, the arbitrator's decision was solely retrospective, covering a period "from the year 2013 to present," that is, the

---

[3] Billie's reliance on our decision in *Zeiler v. Deitsch*, 500 F.3d 157 (2d Cir. 2007), is misplaced. Although in *Zeiler* "we agree[d] with [the plaintiff] that [the defendant] ha[d] failed to show why prior compliance should serve as a ground for refusal to confirm an arbitration award," *id.* at 169, as we explained in *Stafford*, the *Zeiler* decision "did not address standing or mootness, and drive-by jurisdictional rulings of this sort have no precedential effect," *Stafford*, 78 F.4th at 69 (internal quotation marks and citation omitted).

date of the decision. Joint App'x at 435. Therefore, any present-tense language in the arbitrator's decision refers only to that past period. Indeed, in the supplemental memorandum dated May 27, 2022, the arbitrator determined a monetary award based on the parties' joint damages stipulation, noted that "although [Billie's] motion is designated as one for partial summary judgment, . . . the only issue remaining for trial following the undersigned's Ruling . . . was the amount of damages," and then expressly stated, twice, that the "claims not expressly granted herein are hereby, denied." *Id.* at 448–49. Accordingly, to the extent that Billie sought prospective declaratory or injunctive relief from the arbitrator, those claims were denied. Thus, any findings by the arbitrator regarding Billie's employment status were for the purpose of assigning liability, not a declaration of the parties' ongoing legal rights and responsibilities.

In any event, even assuming *arguendo* that the arbitrator awarded Billie prospective declaratory relief, this action remains moot because Billie has not made any nonspeculative allegations that Coverall is violating, or will violate, that purported declaratory relief, so "there is no . . . issue over . . . ongoing compliance with a prospective award" in this case. *Stafford*, 78 F.4th at 68; *see also Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012) ("To obtain *prospective* relief, such as a declaratory judgment . . . . , a plaintiff must demonstrate a certainly impending future injury." (internal quotation marks and citation omitted)). The district court therefore erred in denying the motion to dismiss the action as moot.[4]

---

[4] Coverall also argues that the district court erred in finding that Billie met the statutory amount-in-controversy requirement for the exercise of federal diversity jurisdiction, because the arbitration award and applicable interest totaled $57,100.06, less than the $75,000 threshold of 28 U.S.C. § 1332(a). Billie argued, and the district court accepted, that his claim of at least $9,250 in attorney's fees, and declaratory relief valued at $12,000, brought the total amount in controversy above the jurisdictional minimum. Because we find the action moot, we need not decide for purposes of this appeal whether the district court had statutory diversity jurisdiction to hear the case.

## II. Unsealing Order

In reviewing a district court's decision to seal or unseal documents, "we examine the court's factual findings for clear error, its legal determinations de novo, and its ultimate decision to seal or unseal for abuse of discretion." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). Although the common law and the First Amendment to the U.S. Constitution create a "strong presumption of access" to any record that qualifies as a "judicial document," *id.* (internal quotation marks and citation omitted), the court must also "identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access," *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020).

Although an "arbitration award attached to [a] petition to confirm is a judicial document [where] it is relevant to the court's decision to confirm that award," we conclude here, as we did in *Stafford*, that the district court should not have unsealed the Arbitration Documents. 78 F.4th at 70 (internal quotation marks and citation omitted). As we noted in *Stafford*, "the presumption of access to judicial documents . . . is weaker here because the petition to confirm the award was moot," and thus, "[t]he confidential award played no role in the exercise of Article III judicial power." *Id*. (internal quotation marks and citation omitted). Moreover, "[c]onfidentiality is 'a paradigmatic aspect of arbitration,'" *id.* at 71 (quoting *Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008)), and Billie does not dispute that his arbitration agreement with Coverall included a specific confidentiality provision. Billie's argument that the public's interest in "mak[ing] the reasoning of his award available to other litigants who may be pursuing similar claims" outweighs the interest in confidentiality, Appellee's Br. at 44, was rejected in *Stafford*. 78 F.4th at 70–71. There, we specifically held that counsel's intention to use the arbitration award (if unsealed) in the

7

litigation of similar claims against the defendant in lawsuits by other plaintiff-employees was an "improper effort" to "evade the confidentiality provision to which [the petitioner] agreed in [the] arbitration agreement" and was "a strong countervailing consideration *against* unsealing." *Id.* at 66, 71 (emphasis added). Therefore, as in *Stafford*, we conclude that the district court should not have granted Billie's request to unseal the Arbitration Documents because "the presumption of access to judicial documents is outweighed here by the interest in confidentiality and because [Billie's] apparent purpose in filing the materials publicly is to launder their confidentiality through litigation." *Id*. at 71.

<div align="center">*         *         *</div>

We have considered Billie's remaining arguments and find them to be without merit. Accordingly, we **VACATE** the order of the district court and **REMAND** the case with instructions to dismiss it as moot. We **REVERSE** the district court's decision to unseal the Arbitration Documents.

<div style="margin-left: 50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>

8