*Moussaoui v. Bank of Beirut & the Arab Countries*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand twenty-four.

PRESENT:
> RICHARD J. SULLIVAN,
> MICHAEL H. PARK,
> BETH ROBINSON,
> *Circuit Judges.*

---

ALI MOHAMAD MOUSSAOUI,

> *Plaintiff-Appellant*,

> v.                                        No. 23-7332

BANK OF BEIRUT AND THE ARAB COUNTRIES, a.k.a. BBAC Bank S.A.L., ASSAF HOLDING COMPANY SAL,

> *Defendants-Appellees*,

J.P. MORGAN CHASE BANK N.A., CITIBANK
N.A.,

*Defendants.*[*]

| | |
|---|---|
| **For Plaintiff-Appellant:** | PETER E. SVERD, The Law Offices of Peter Sverd, PLLC, New York, NY. |
| **For Defendants-Appellees:** | SAMANTHA L. CHAIFETZ, DLA Piper LLP, Washington, DC (Neal F. Kronley, David Toner, DLA Piper LLP, New York, NY, *on the brief*). |

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 14, 2023 judgment of the district court is **AFFIRMED IN PART, VACATED IN PART,** and **REMANDED**.

Plaintiff Ali Mohamad Moussaoui appeals from the district court's judgment dismissing his claims for conversion and fraudulent conveyance against Defendants Bank of Beirut and the Arab Countries ("BBAC") and Assaf Holding Company ("Assaf") with prejudice based on the district court's lack of

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

personal jurisdiction over the Defendants.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I.     Background

This dispute centers on Moussaoui's efforts to recover over $3 million that he deposited in a bank account that he opened with BBAC in 2012 while he was living in Lebanon.  Beginning in late 2019, Lebanon began experiencing a "volatile political and economic situation," which resulted in "a number of restrictive measures [being] adopted with respect to the withdrawal of funds, especially withdrawals in foreign currency, and transfers of foreign currency abroad."  J. App'x at 145.  In 2020, Moussaoui sought to close his account with BBAC, but in light of these conditions, BBAC refused to transfer or wire his funds to his U.S. bank account.   In response, Moussaoui filed suit in Lebanon, seeking to recover those funds.   According to Moussaoui, the suit remains pending – the Defendants have not filed a response, and the Lebanese court has not responded to Moussaoui's motion to schedule a hearing.

In November 2022, Moussaoui filed suit in the Southern District of New York against BBAC and Assaf, which is a holding company and the majority shareholder of BBAC.   Moussaoui asserted claims against BBAC for conversion

3

based on its refusal to transfer or wire his funds and against both BBAC and Assaf for fraudulent conveyance based on the theory that BBAC wired all or part of its U.S. dollar ("USD") deposits to Assaf in order to frustrate Moussaoui's ability to collect any judgment against BBAC. The Defendants moved to dismiss, and the district court concluded that it lacked personal jurisdiction over BBAC and Assaf, denied Moussaoui's request for jurisdictional discovery, and granted the motion to dismiss with prejudice.

## II. Personal Jurisdiction

"We review a district court's dismissal of an action for want of personal jurisdiction *de novo*." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020) (internal quotation marks omitted). A plaintiff opposing a motion to dismiss for lack of personal jurisdiction "bears the burden of establishing that the court has jurisdiction over the defendant." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). Specifically, a plaintiff "must make a *prima facie* showing that jurisdiction exists," *Chufen Chen*, 954 F.3d at 497 (internal quotation marks omitted), and when a plaintiff is asserting specific personal jurisdiction, he must make that showing "with respect to each claim asserted," *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 83 (2d Cir.

4

2018) (internal quotation marks omitted). Although "we construe the pleadings and affidavits in the light most favorable to [the] plaintiff[], resolving all doubts in [his] favor," *Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 126 (2d Cir. 2008), a plaintiff may not rely on "conclusory statements" and must offer "factual specificity" in order to establish personal jurisdiction, *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998). In determining whether such jurisdiction exists, "we may consider affidavits and other materials beyond the pleadings." *Doherty v. Bice*, 101 F.4th 169, 172 (2d Cir. 2024) (internal quotation marks omitted).

When assessing specific personal jurisdiction over a foreign corporation, we apply the law of the forum state, subject to the due-process limitations imposed by the U.S. Constitution. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). Because New York's long-arm statute imposes more stringent requirements than the Due Process Clause, we must first apply the specific provisions of New York law to determine whether it permits the exercise of jurisdiction over a given defendant. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir. 2007). On appeal, the sole basis that Moussaoui asserts for personal jurisdiction is *in personam* jurisdiction, which is based on N.Y. C.P.L.R.

5

§ 302(a)(1).[1]  For a plaintiff "[t]o establish personal jurisdiction under section 302(a)(1), two requirements must be met:  (1) [t]he defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity."  *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006).  This second prong "require[s] that, in light of all the circumstances, there must be an articulable nexus or substantial relationship between the business transaction and the claim asserted."  *Licci v. Lebanese Canadian Bank, SAL*, 20 N.Y.3d 327, 339 (2012) (citations and internal quotation marks omitted).

To establish the requisite nexus, Moussaoui primarily relies on BBAC and Assaf's use of correspondent bank accounts in New York to facilitate transactions using U.S. dollars.[2]  But the district court correctly concluded that Moussaoui's "claims do not arise out of any *specific* transaction or business activity conducted

---

[1] Before the district court, Moussaoui also asserted a theory of *quasi in rem* jurisdiction. However, Moussaoui has not raised a *quasi in rem* theory here, and "arguments not made in an appellant's opening brief are [forfeited] even if the appellant pursued those arguments in the district court."  *JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).

[2] A correspondent bank account is "a domestic bank account held by a foreign bank . . . used for deposits, payments and transfer of funds" to "facilitate the flow of money worldwide, often for transactions that otherwise have no other connection to New York, or indeed the United States."  *Daou v. BLC Bank, S.A.L.*, 42 F.4th 120, 126 (2d Cir. 2022) (internal quotation marks omitted).

by the [D]efendants in New York" and thus failed to satisfy the second prong of section 302(a)(1). Sp. App'x at 10. In a nearly identical case where plaintiffs sued commercial banks in Lebanon for the failure to release USD deposits, we held that there was "no substantial connection" between the banks' use of correspondent accounts in New York and the plaintiffs' claims, "all of which turn[ed] on alleged measures taken by Lebanese banks in Lebanon to ensure that USD deposits remained in that country." *Daou v. BLC Bank, S.A.L.*, 42 F.4th 120, 132 (2d Cir. 2022). The same is true here.

Moussaoui nevertheless argues that this case is distinct from *Daou* because he has also asserted two claims for fraudulent conveyance based on the allegation that "BBAC sold, gifted, or otherwise transferred all or part of its USD denominated assets to ASSAF HOLDING COMPANY SAL., or entities controlled by them, or for their benefit, by using the New York Banks." J. App'x at 31; *see also id.* at 33 (same). But these "conclusory statements" do not offer the "factual specificity" necessary to satisfy Moussaoui's burden of establishing personal jurisdiction. *Jazini*, 148 F.3d at 185. For starters, Moussaoui has provided no details concerning the particulars of these transactions, such as the dates of the transfers or the amount of money sent through the correspondent

7

accounts in New York banks.   *See* Fed. R. Civ. P. 9(b) ("In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud.").

Moussaoui's allegations are also directly contradicted by the affidavits that the Defendants submitted along with their motion to dismiss.   For example, the Secretary of the Board at Assaf attested that Assaf "has not received any transfers of USD from BBAC during the period described in the Complaint, let alone transfers from New York correspondent accounts."   J. App'x at 141; *see also id.* at 637 ("[C]orrespondent accounts were not used to facilitate *any* payments to [Assaf] from BBAC during the period described in the Complaint."). To the contrary, Assaf averred that "all amounts transferred from BBAC to [Assaf] are in the form of dividends," which are "authorized and paid . . . in Lebanese pounds," not U.S. dollars.   *Id.* at 141.   Moussaoui offers no factual allegations to refute these attestations, once again relying on conclusory statements that BBAC transferred funds in U.S. dollars to Assaf through correspondent bank accounts in New York.   *See, e.g., id.* at 413 ("[Assaf is] *believed* by me, to have 'picked clean' all of the USD, and have rendered BBAC insolvent." (emphasis added)); *id.* ("I *believe*[] that BBAC has transferred USD fraudulently to [Assaf], and their affiliates, through their respective

8

correspondent bank accounts located in the jurisdiction of [t]his Court."

(emphasis added)). But Moussaoui's beliefs, unsupported by factual allegations, are insufficient to establish a *prima facie* showing of personal jurisdiction. *See Jazini*, 148 F.3d at 185; *see also Doherty*, 101 F.4th at 172 ("[W]e cannot rely on conclusory or hearsay statements contained in the affidavits." (internal quotation marks omitted)). We therefore conclude that the district court did not err in finding that it lacked personal jurisdiction over BBAC and Assaf.[3]

That said, the district court erred by dismissing Moussaoui's claims with prejudice. We have repeatedly explained that "[a] dismissal for lack of jurisdiction is by its nature a dismissal without prejudice: it does not preclude another action on the same claims." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 91 (2d Cir. 2023) (internal quotation marks omitted); *see also Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 507 n.4 (2d Cir. 1994) ("[A] dismissal for want of . . . personal jurisdiction is not a decision on the merits. Consequently, upon such a dismissal the plaintiff is free to institute the suit anew

---

[3] Because we affirm the district court's dismissal on the basis that it lacked personal jurisdiction, we need not consider the parties' arguments regarding whether dismissal was warranted on the alternative basis that the district court was an inconvenient forum.

in a jurisdiction or under circumstances supporting jurisdiction."). We therefore remand this case for the limited purpose of modifying the judgment to reflect that the dismissal is *without* prejudice.

## III.    Jurisdictional Discovery

Moussaoui also argues the district court erred in denying his request for jurisdictional discovery. We review a district court's denial of a request for jurisdictional discovery for abuse of discretion. *See Frontera Res. Azer. Corp. v. State Oil Co. of Azer. Republic*, 582 F.3d 393, 401 (2d Cir. 2009). A district court "act[s] well within its discretion in declining to permit discovery [where] the plaintiff ha[s] not made out a *prima facie* case for jurisdiction." *Best Van Lines*, 490 F.3d at 255. Likewise, we have held that when plaintiffs rely on "mere speculation," *Amidax Trad. Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 149 (2d Cir. 2011), or "unfounded and speculative accusations," *Haber v. United States*, 823 F.3d 746, 755 (2d Cir. 2016), a district court may properly deny their request for jurisdictional discovery. In light of Moussaoui's failure to make a *prima facie* showing of personal jurisdiction – and his complete reliance on his own conclusory and speculative assertions – we cannot say the district court abused its discretion in denying his request for jurisdictional discovery.

10

## IV.     Attachment Order

Finally, Moussaoui challenges the district court's denial of his *ex parte* request to attach BBAC's correspondent bank accounts in New York.  But in order to issue a writ of attachment, a court must first have personal jurisdiction. *See Chaar v. Arab Bank P.L.C.*, 198 N.Y.S.3d 5, 6 (1st Dep't 2023).  Because, as noted above, the district court lacked *in personam* jurisdiction over the Defendants, we find no fault with the district court's denial of Moussaoui's request for pretrial attachment.

\*     \*     \*

We have considered Moussaoui's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court as it relates to the court's lack of personal jurisdiction over the Defendants, but **VACATE** and **REMAND** with instructions that the judgment be modified to reflect that the dismissal is without prejudice to renewal in a jurisdiction where personal jurisdiction over the Defendants may be obtained.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11